Case 4:21-cv-03120   Document 71   Filed on 10/20/24 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
October 20, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| INTERNATIONAL TERMINALS COMPANY, LLC, | § § § § | |
| *Plaintiff,* | § | Lead Case No. 4:21-cv-3120 |
| | § | Consolidated with |
| v. | § | Case No. 4:21-cv-3123 |
| | § | |
| NSK CORPORATION, ET AL., | § § § | |
| *Defendants*. | § | |

## MEMORANDUM AND ORDER

This case involves claims related to a fire at Plaintiff Intercontinental Terminals Company LLC's ("ITC") storage tank facility in Deer Park. Pending before the Court is Defendant NSK Corporation's ("NSK Corp.") motion to dismiss. ECF No. 13.[1] NSK Corp. argues that ITC's claims should be dismissed because ITC failed to state a claim against NSK Corp., and res judicata and collateral estoppel bar the claims. ECF No. 13. ITC responds that it does not object the dismissal of NSK Corp. but asks the Court to predicate the dismissal on certain findings. Based on a

---

[1] Based on the parties' consent, ECF Nos. 7, 11, these two cases were deconsolidated from the *Munoz* consolidated case and transferred to this Court to conduct all proceedings pursuant to 28 U.S.C. § 636(c). Order Transferring, ECF Nos. 7, 11; *see also Munoz*, 4:19-cv-1460, Order Transferring, ECF No. 1332. Subsequently, this Court consolidated these two actions. Order Consolidating, ECF No. 12. This order is filed in this case and *Munoz* so that the remaining plaintiffs are aware of the actions in this case.

review of the briefing[2] and applicable law, the Court finds that NSK Corp. should be dismissed.[3]

## I. BACKGROUND

### A. Factual Background

This action concerns a fire at ITC's Deer Park, Texas facility that burned from March 17, 2019 to March 20, 2019 (the "ITC Fire"). First Am. Compl., ECF No. 67 ¶ 9. During the fire, numerous storage tanks burned, containing a variety of chemicals. *Id.* Following the fire, ITC investigated the root cause of the ITC Fire. *Id.* ¶ 10. According to ITC's subsequent Root Cause Analysis Report, the loss of primary containment leading to the fire occurred within the manifold power frame of Tank 80-8. *Id.* ¶¶ 11–14. A post-fire metallurgical analysis of the NSK Model 5313 bearing in Tank 80-8's pump indicated that the bearing's individual balls had internal voids. *Id.* ¶ 12. The Root Cause Analysis Report concluded that the internal voids compromised the bearing's structural integrity. *Id.* As a result, the structure experienced vibrations that caused the mechanical seal gland to become dislodged and allow naphtha to escape from its sealed chamber. *Id.* ¶ 13. The vapor from the leaking naphtha ignited and started the ITC Fire. *Id.* ¶¶ 13–14.

---

[2] ITC filed a response, ECF No. 17, and NSK Corp. filed a reply, ECF No. 20.

[3] NSK Corp. raised the same claim preclusion arguments in its motion for summary judgment, ECF No. 57.

ITC has alleged four claims against NSK Corp. and NSK Ltd.: (1) negligence; (2) breach of implied warranty; (3) manufacturing defect; and (4) design defect.

### B. The Bellwether Proceedings

In a related consolidated lawsuit, thousands of personal injury plaintiffs filed suit against ITC for various claims arising from the ITC fire, and against NSK Corp. and NSK Ltd. for design defect and manufacturing defect. *See In re Intercontinental Terminals Co., LLC Deer Park Fire Litig.*, No. 4:19-CV-01460, 2023 WL 3587780, at *2 (S.D. Tex. Apr. 6, 2023), *adopted*, No. 4:19-CV-01460, 2023 WL 3589753 (S.D. Tex. May 22, 2023).[4] In that lawsuit, NSK Corp. and NSK Ltd. moved for summary judgment on the personal injury plaintiffs' design and manufacturing defects claims. The Court found no genuine issue of material fact concerning the design defect claim as to either NSK Corp. or NSK Ltd., no evidence "that NSK Corp. manufactured the 5313 ball bearings" that were the basis of the manufacturing defect claim, but found "sufficient evidence to raise a fact question as to whether NSK Ltd. defectively manufactured the 5313 ball bearings." *Id.* The Court dismissed the claims against NSK Corp. The Court also struck NSK Corp. as a responsible third party, and noted:

> Here, no genuine issue of material fact was raised regarding Plaintiffs' design defect claim or Plaintiffs' manufacturing defect claim with respect to NSK Corp. Nonetheless, ITC argues that NSK Corp. should

---

[4] Not every plaintiff filed defect claims against NSK Corp. and NSK Ltd.—in those cases where they were not sued, NSK Corp. and NSK Ltd. were designated as Responsible Third Parties. *Id.*

3

> remain a responsible third party because it could be liable to Plaintiffs as a nonmanufacturing seller if NSK Ltd. were to be dismissed from this action for lack of personal jurisdiction. In response, NSK concedes that if NSK Ltd. manufactured the 5313 bearing at issue—NSK contends that it was counterfeit—specific jurisdiction would exist for Plaintiffs' manufacturing defect claim. Accordingly, ITC's concern is not warranted because the only situation in which the Court would lack jurisdiction over NSK Ltd. is one in which NSK Ltd. could not be liable for any of Plaintiffs' claims.

*Id.* at *6 (internal citations omitted).

### III.  NSK CORP. IS DISMISSED.

NSK Corp. moves to dismiss ITC's claims against it and raises two arguments. First, NSK Corp. argues that res judicata bars ITC from bringing the claims in its First Amended Complaint against NSK Corp. ECF No. 13 at 3, 8–17. Second, NSK Corp. argues that ITC failed to state a claim against it because "ITC's lumping together of NSK Corp. and NSK Ltd." fails to provide proper notice of the claims brought against NSK Corp. *Id.* at 3, 17–19.

ITC responds that it does not oppose NSK's dismissal so long as the dismissal is "predicated on a determination that ITC's allegations establish specific personal jurisdiction as to NSK Ltd., with NSK Ltd. having the right to challenge the merits of ITC's allegations at trial." ECF No. 17 at 1. ITC argues that in the prior proceedings, the Court dismissed the claims against NSK Corp. "after NSK conceded that if NSK Ltd manufactured the 5313 bearing at issue . . . specific jurisdiction would exist for Plaintiffs' manufacturing defect claim," which NSK Ltd.

4

reiterated "during the April 11, 2024 status conference in connection with the claims asserted against it by ITC." *Id.* at 3–4 (cleaned up).

Because the parties agree that NSK Corp. should be dismissed, the Court does so without reaching the merits of NSK Corp.'s motion to dismiss, but now considers ITC's condition.

It appears that the same analysis the Court undertook in striking NSK Corp. as a Responsible Third Party in *In re Intercontinental Terminals Co., LLC Deer Park Fire Litig.*, No. 4:19-CV-01460, 2023 WL 3587780, is applicable here. In its Reply, NSK Corp. points out that conditioning its dismissal as suggested does not practically impact the litigation's outcome because if ITC proves the bearing is an NSK Ltd. product, there is no issue of personal jurisdiction and ITC's condition would not be triggered. On the other hand, if ITC is unable to prove the bearing is a genuine NSK Ltd. product, then no NSK entity is liable to ITC and the dismissal of NSK Corp. would have been appropriate. ECF No. 20 at 6. Thus, as the Court previously found, ITC's condition is not warranted because the only situation in which the Court would lack jurisdiction over NSK Ltd. is one in which it could not be liable for any of ITC's claims. *See In re Intercontinental Terminals Co., LLC Deer Park Fire Litig.*, 2023 WL 3587780 at *6.[5]

---

[5] NSK Ltd. has not raised personal jurisdiction in its motion to dismiss. Instead, during the pendency of this lawsuit, NSK has advised the Court that the issue of personal jurisdiction is a fact question related to who manufactured the ball bearing at issue.

## IV. CONCLUSION

Accordingly, the Court **GRANTS** NSK Corp.'s Motion to Dismiss, ECF No. 13. ITC's claims against NSK Corp. are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Signed on October 20, 2024, at Houston, Texas.

*Dena Palermo*
_____
**Dena Hanovice Palermo
United States Magistrate Judge**